IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ELIZABETH HALEY, | ) |
| PLAINTIFF, | ) ) ) |
| V. | ) Civil Action No. _____ ) ) |
| YOUR WIRELESS SOLUTIONS, LLC | ) ) |
| DEFENDANT. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, by and through counsel, brings this action and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e et seq.*

2. This Court has general personal jurisdiction over defendant who is a limited liability company organized and existing under the laws to the state of Tennessee but authorized to conduct business in the state of Georgia and doing business in this judicial district.

3. Venue is properly laid in this district pursuant to *28 U.S.C. § 1391* because Defendant conducts substantial business within and has offices located within

this judicial district and because a substantial portion of the events giving rise to these claims occurred within this judicial district.

## CONDITIONS PRECEDENT TO SUIT

4. Plaintiff has complied with all the prerequisites to an action under Title VII:

   a. On or about November 25, 2014, Plaintiff timely filed a charge for the discrimination alleged in this complaint with the Equal Employment Opportunity Commission ("EEOC").

   b. On or about August 04, 2015, the EEOC notified Plaintiff of the termination of any further processing of this charge of employment discrimination and gave Plaintiff a right-to-sue letter, permitting plaintiff the right to institute this action within 90 days of the receipt of her Notice of Right to Sue.

   c. Plaintiff filed this action within 90 days of the receipt of her Notice of Right to Sue.

## CLAIM FOR RELIEF

5. Plaintiff is a citizen of the United States and a resident of Whitfield County, Georgia.

6. Plaintiff began her career in the wireless telephone retail industry by working for a company by the name of Communications & Electronics, Inc.

7. Plaintiff worked her way up to become store manager of the Dalton store, and her store consistently ranked as one of the most successful stores in the region.

8. In August of 2012 a deal was executed between Communications & Electronics, Inc. and Defendant whereby Plaintiff became an employee of Defendant and the store she managed belonged to Defendant.

9. The owners and managers of Defendant immediately began exhibiting sexist behavior.

10. Defendant began systematically terminating female employees without cause or creating a hostile environment to encourage self-termination.

11. Ownership and management of Defendant even went as far as overtly stating their beliefs that women were "too emotional" in large numbers or in management positions.

12. Ownership and management made the following statements exemplary of their discriminatory motives:

    a.   "Train [male employee] quickly; we need a male presence at the Ft. Oglethorpe store badly."

    b.   "We need more men!" [in reference to new applicant review]

    c.   "We don't normally hire women because they're always crying and emotional."

13. Ownership and management were so overt with their sexist behavior that business partners began referring to Defendant as "the boys' club."

14. In the months prior to September 30, 2014, Defendant set its targets on Plaintiff as the next victim in the systematic termination of women.

15. Despite a history of stellar performance reviews top regional performance, and without warning, Defendant terminated Plaintiff on September 30, 2014 because of her gender.

## COUNT I – CIVIL RIGHTS VIOLATION

16. Defendant, by and through the acts above, has discriminated against the Plaintiff on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

## COUNT II – UNPAID WAGES

17. At the time it bought out Communications & Electronics, Inc., Defendant agreed to pay Plaintiff her same annual salary that she had received from Communications & Electronics, Inc.

18. Instead of matching the annual salary as agreed, Defendant matched the Plaintiff's bi-weekly earnings to give the appearance of matching her salary, but because Defendant used a twice-monthly pay model instead of a bi-weekly pay model, Plaintiff received two less paychecks per year.

19. Defendant is liable to Plaintiff for the resulting pay shortages pursuant to O.C.G.A. §34-7-2, and the Court has supplemental jurisdiction over this state claim pursuant to 28 U.S.C. §1367.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands the following relief:

(a) Compensatory damages in the amount of $381,399.09;

(b) Punitive damages in an amount to be determined at trial;

(c) Reasonable Attorney's fees;

(d) Pre-suit and post-judgment interest;

(e) Costs and disbursements;

(f) All other relief that is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so able to be tried.

FILED THIS 7th DAY OF OCTOBER, 2015

Respectfully submitted by,

                                        **MCCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP**

                                        /s/ Nathan D. Lock
                                        Nathan D. Lock
                                        Georgia Bar No. 948780
                                        *Attorney for Plaintiff*
                                        P.O. Box 1105
                                        Dalton, Georgia 30722-1105
                                        Telephone:  (706) 278-4499
                                        Fax:  (706) 529-8814
                                        nlock@mccamylaw.com

In accordance with Local Rule 5.1 (C) (3), I hereby certify that the formatting for filing herein is Times New Roman, 14 point.